## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL HALL | : | CIVIL ACTION NO.  23-1381 |
| | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | PLAINTIFF REQUESTS |
| CITY OF PHILADELPHIA; | : | TRIAL BY JURY |
| SHARIFF ABDUS-SALAAM | : | |
| (individually); and MIKE FINNEN | : | |
| (individually) | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Paul Hall, by and through his attorneys, Derek Smith Law Group, PLLC, hereby files the following civil action complaint against Defendants, City of Philadelphia, Shariff Abdus-Salaam, and Mike FInnen (hereinafter collectively "Defendants") for violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 20003-17 (amended in 1972, 1978, by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII").

## PARTIES

1.  Plaintiff, Paul Hall ("Mr. Hall" or "Plaintiff") is an adult individual who resides in the Commonwealth of Pennsylvania in the City of Philadelphia.

2.  Plaintiff, Paul Hall is a fifty-three-year-old male who is employed by Defendant, City of Philadelphia from around June 2019, until the present.

3.  Plaintiff, Paul Hall is a member of the Christian faith and is an openly practicing Christian individual.

4.     Defendant, City of Philadelphia is a municipal entity which exists pursuant to the laws of the Commonwealth of Pennsylvania with offices for the purposes of correspondence at 1515 Arch Street, Fl. 10, Philadelphia, PA 19102.

5.     Defendant, Shariff Abdus-Salaam is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of correspondence at 1515 Arch Street, Fl. 10, Philadelphia, PA 19102.

6.     At all times material to this Charge Defendant, Shariff Abdus-Salaam, held supervisory authority over Plaintiff, Paul Hall.

7.     Defendant, Mike Finnen is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of correspondence at 1515 Arch Street, Fl. 10, Philadelphia, PA 19102.

8.     At all times material to this Charge Defendant, Mike Finnen, held supervisory authority over Plaintiff, Paul Hall.

9.     Defendant, Shariff Abdus-Salaam was employed by City of Philadelphia as the Supervisor of Paul Hall and had the authority to subject Paul Hall to a tangible employment action including changing the terms and conditions of Paul Hall's employment, subjecting Paul Hall to disciplinary action, changing Paul Hall's hours, sending Paul Hall home, and changing the number of hours that Paul Hall can work.

10.    At all times material to this Charge, Plaintiff, Paul Hall was qualified for the position of his employment.

## JURISDICTION AND VENUE

9.     Jurisdiction of this action is conferred upon this Court pursuant to a Federal Question under Title VII of the Civil Rights Act of 1964.

2

10.     This Court also has supplemental jurisdiction over the State causes of action.

11.     Venue is proper in this district because the actions giving rise to this Complaint occurred within the County of Philadelphia, in the Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania.

12.     Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC").

13.     Plaintiff dual filed his Charge of Discrimination with the Philadelphia Commission on Human Relations.

## MATERIAL FACTS

12.     Plaintiff, Paul Hall was employed by City of Philadelphia from around June 2019, until the present.

13.     Plaintiff, Paul Hall began his employment for Defendants as a fulltime employee who reported to Defendant, Shariff Abdus-Salaam.

14.     At the time when Plaintiff began his employment with the City of Philadelphia, Defendant, Shariff Abdus-Salaam was a Foreman.

15.     Plaintiff excelled in his position and fulfilled the terms and conditions of his employment.

16.     Plaintiff was subjected to adverse employment action when Defendants informed Paul Hall that he would be suspended without pay and did not permit Paul Hall to continue working due to Paul Hall's age and religion.

17.     Prior to the suspension without pay, Defendants subjected Paul Hall to disciplinary action, including administrative leave.

18.     Defendant, Shariff Abdus-Salaam subjected Plaintiff to a hostile work environment through his severe and pervasive discrimination based upon Paul Hall's age and religion.

19.   Almost immediately upon working with Defendant, Shariff Abdus-Salaam, Plaintiff began to experience discriminatory, age-based comments directed at Plaintiff from Defendant, Shariff Abdus-Salaam.

20.   This is not the first time that Defendant, Shariff Abdus Salaam has been accused of subjecting employees to severe and pervasive discrimination and harassment in the workplace.

21.   Defendants have a history of allowing Defendant Shariff Abdus Salaam to subject employees to severe and pervasive discrimination and harassment in the workplace and refusing to take any meaningful action to correct and ameliorate the discrimination.

22.   Almost immediately upon working with Defendant, Shariff Abdus-Salaam, Plaintiff was subjected to discriminatory comments directed at Plaintiff from Defendant, Shariff Abdus-Salaam that denigrated, disparaged, and ridiculed Paul Hall based on Paul Hall's religion and religious beliefs.

23.   Defendant, Shariff Abdus-Salaam subjected Paul Hall to violent and aggressive conduct and comments based on Paul Hall's religion and age so that Paul Hall feared for his safety on a daily basis in working with Defendant, Shariff Abdus-Salaam.

24.   Plaintiff, Paul Hall reported and opposed Defendant, Shariff Abdus-Salaam's discrimination and harassment in the workplace which resulted in a ratcheting up of the severe and pervasive, abusive and discriminatory conduct.

25.   Plaintiff intended to continue his employment for Defendants until Plaintiff was at least 65 years old.

26.   But for Defendants' discriminatory, unlawful conduct, Plaintiff would have continued his employment for Defendants for another twelve (12) years, at least.

27.     Plaintiff, Paul Hall was denied overtime due to his membership in a protected class and in retaliation for reporting and opposing discrimination and harassment in the workplace.

28.     Other coworkers received overtime while Plaintiff, Paul Hall was denied overtime by Defendant, Shariff Abdus-Salaam.

29.     Every time Paul Hall attempted to discuss overtime opportunities with Defendants, Defendants refused to discuss overtime and spoke down to Paul Hall in an abusive, demeaning manner.

30.     Plaintiff was regularly on time to work and did not have attendance issues.

31.     On the Monday of Memorial Day weekend, 2022, Paul Hall arrived at work at 8:13 A.M.

32.     Paul Hall's shift was scheduled to begin at 8:00 A.M., that morning.

33.     Defendant, Shariff Abdus-Salaam subjected Paul Hall to discriminatory adverse employment action and ordered Paul Hall not to work because Paul Hall was 13 minutes late.

34.     Other employees who were not members of Paul Hall's protected class were never subjected to equal application of this adverse discipline and lateness policy which was directed toward Paul Hall in a discriminatory manner due to Paul Hall's age and religion and due to Paul Hall reporting and opposing discrimination and harassment in the workplace.

35.     Other employees who were not members of Paul Hall's protected class arrived at work late and were permitted to work, even when they were late by much more than 13 minutes.

36.     Defendant, Shariff Abdus-Salaam made comments of a discriminatory nature to Paul Hall including but not limited to, "Where is your god now?'

37. This kind of ridicule based on Paul Hall's religion was commonplace and Defendants subjected Paul Hall to constant, and refusal conduct and comments based upon Paul Hall' religion.

38. Plaintiff, Paul Hall was subjected to Administrative Leave due to Defendant, Shariff Abdus-Salaam's discriminatory, retaliatory conduct.

39. Similarly situated employees were never subjected to administrative leave for similar conduct that Defendants singled Paul Hall out about and subjected Paul Hall to adverse employment action for.

40. Plaintiff, Paul Hall was denied the ability to work double time due to his membership in a protected class.

41. Plaintiff, Paul Hall was denied the ability to work double time due to his engaging in protected activity.

42. Defendant, Shariff Abdus-Salaam regularly violated union requirements by not posting information about overtime so that there is a fair application of overtime opportunities.

43. This was used in order to subject Paul Hall to discrimination based on his membership in a protected class and due to his engaging in protected activity.

44. About two weeks before Memorial Day, Plaintiff informed Shariff Abdus-Salaam about the unfair, discriminatory manner in which overtime was distributed in violation of the union agreement.

45. Defendant, Shariff Abdus-Salaam stated that he would not talk to Paul Hall any longer.

46. Defendant, Shariff Abdus-Salaam responded to Plaintiff's protected activity by expressing anger and resenting and refusing to address or respond to reports of illegal conduct.

47.   Defendant, Sheriff Abdus-Salaam made it clear through conduct and comments that he did not appreciate Plaintiff's reports of discrimination and that he intended to subject Plaintiff to adverse employment action because of Plaintiff's reports and opposition to illegal conduct.

48.   Defendant, Sheriff Abdus-Salaam refused to even confirm whether Paul Hall could work that evening.

49.   At all times relevant to this civil action Defendant, Mike Finnen subjected Paul Hall to severe and pervasive discrimination and harassment in the workplace.

50.   At all times relevant to this civil action Defendant, Mike Finnen refused to respond to Plaintiff's reports of discrimination and Defendant, Mike Finnen worked with Defendant, Sheriff Abdus-Salaam to subject Plaintiff to discrimination and retaliation as described herein.

51.   Defendant, Sheriff Abdus-Salaam became violent and aggressive and behaved in a physically intimidating manner with actions, conduct and comments that indicated that Defendant, Sheriff Abdus-Salaam wanted to fight Paul Hall.

52.   Defendant, Sheriff Abdus-Salaam invaded Paul Hall's personal space and demonstrated in words and actions that he intended to subject Paul Hall to physical violence.

53.   Defendant, Sheriff Abdus-Salaam's supervisor, Louis Torres (nickname: Tony) agreed that Sheriff Abdus-Salaam's conduct was inappropriate and unfair.

54.   When Louis Torres learned that Sheriff Abdus-Salaam subjected Paul Hall to discipline for arriving at work 13 minutes, late, Louis Torres stated, "you are the first one here every day."

55.   Mike is the name of Louis Torres' supervisor.

56.  Mike also subjected Paul Hall to discrimination and harassment in the workplace with comments and conduct including subjecting Paul Hall to unfair accusations.

57.  Mike said to Paul Hall, "why are you always the problem."

58.  Defendant, Sheriff Abdus-Salaam subjected Paul Hall to threats, stating, "you are lucky this ain't the streets."

59.  Defendant, Sheriff Abdus-Salaam subjected Paul Hall to abusive comments by calling Paul Hall a "bitch."

60.  Sheriff Abdus-Salaam ordered Paul Hall, "stop acting like a bitch."

61.  Sheriff Abdus-Salaam subjected Paul Hall to comments based on Paul Hall's age, including but not limited to, "you are too old for me."

62.  Defendant, Sheriff Abdus-Salaam subjected Paul Hall to abusive comments and conduct by ordering Paul Hall around in a threatening and demeaning tone.

63.  Defendant, Sheriff Abdus-Salaam subjected Paul Hall to abusive comments and conduct by continuously cursing at Paul Hall.

64.  Defendant, Sheriff Abdus-Salaam subjected Paul Hall to abusive comments and conduct by ordering Paul Hall around in a threatening and demeaning tone.  Comments included the following:

    a.  "Shut the fuck up.";

    b.  "Do your fucking job.";

    c.  "Get the fuck over here.";

    d.  "Stop acting like a bitch.";

    e.  "Just shut up.";

    f.  "Take your nut ass on.";

g.  "Go the fuck home."

65.    This is the way that Defendant, Shariff Abdus-Salaam spoke to Paul Hall on a daily basis.

66.    Defendant, Shariff Abdus-Salaam did not speak to Paul Hall's similarly situated coworkers in this abusive manner.

67.    Defendant, Shariff Abdus-Salaam subjected Paul Hall to abusive comments and conduct based upon Paul Hall's religion including but not limited to "don't nobody want to hear about your god."

68.    Defendant, Shariff Abdus-Salaam subjected Paul Hall to false reports in order to intentionally subject Paul Hall to adverse employment actions.

69.    Defendant, Shariff Abdus-Salaam refused to allow Paul Hall to report the illegal, discriminatory conduct, through the grievance process.

70.    Plaintiff, gave writeups about Defendant's behavior and Defendant, Shariff Abdus-Salaam laughed at Paul Hall, stating, "nothing you say about me will do anything."

71.    Defendant, Shariff Abdus-Salaam responded to Paul Hall's writeups that stated, "it does not matter. Ain't nobody going to do anything to help you."

72.    Defendant, Shariff Abdus-Salaam bragged about his ability to break the law and engage in illegal conduct.

73.    Defendant, Shariff Abdus-Salaam made comments about his intention to do whatever he wants and get away with it.

74.    Defendant, Shariff Abdus-Salaam's position is based on Defendants pattern and practice of allowing employees to do whatever they want including engage in discrimination without any recourse, repercussions, or remedy.

75.   Plaintiff wrote four different grievances about Defendant, Shariff Abdus-Salaam and at no time did any City employee take action to provide a meaningful response to these grievances.

76.   Contrarily, Defendant, Shariff Abdus-Salaam used the write-up and disciplinary process to subject Plaintiff to further adverse employment action through false writeups intended to harm Plaintiff.

77.   For example, Defendant, Shariff Abdus-Salaam subjected Plaintiff to several instances of false allegations including threatening to call the police and report Plaintiff for theft.

78.   Defendant, Shariff Abdus-Salaam's supervisor, Louis Torres, had to intervene and stop Shariff Abdus-Salaam.

79.   Louis Torres instructed Shariff Abdus-Salaam not to call the police and falsely accuse Plaintiff of theft.

80.   The material that Shariff Abdus-Salaam was using to subject Plaintiff to false allegations was a pile of scrap metal that was left in the same place for over ten years and considered trash.  Former supervisor, Rick Antinucci had already confirmed the pile was trash and could be removed by Paul Hall.

81.   While Paul Hall worked at Love Park in Philadelphia, Pennsylvania, Defendant, Shariff Abdus-Salaam arrived and said to Paul Hall, "what is wrong with you?  Why are you so stupid?"

82.   This abusive conduct and comments occurred in public in front of coworkers so that Paul Hall experienced severe emotional distress from being demoralized and degraded in this manner.

83. Thereafter, individuals who witnessed the incident said to Paul Hall how messed up it is that Defendant, Shariff Abdus-Salaam always singles Paul Hall out for abuse and insults.

84. As a result of Defendants' conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

85. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

86. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which Plaintiff's employment entailed.

87. Plaintiff also suffers future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

88. Plaintiff has further experienced severe emotional and physical distress.

89. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

90. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

91. Defendants at all times refused to investigate or take appropriate remedial action in response to Plaintiff's complaints of discrimination, harassment and hostile work environment.

92. Defendants' discriminatory conduct was severe and pervasive, creating a hostile work environment for Plaintiff.

93.     The above are just some examples of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

94.     Plaintiff claims a practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine.

95.     Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

96.     Plaintiff claims unlawful adverse employment action and demands return to his position.

97.     Plaintiff also demands that Defendants amend Plaintiff's employment record and remove any and all disciplinary action caused by the discrimination and harassment and related to Paul Hall's protected activity or membership in a protected class.

**COUNT I**
**DISCRIMINATION UNDER**
**THE AGE DISCRIMINATION IN EMPLOYMENT ACT**

98.     Plaintiff, Paul Hall, hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

99.     Section 626 of the ADEA provided it shall be unlawful for an employer:

   a.   to fail or refuse to hire or to discharge any individual or otherwise discriminate against an individual with respect to their compensation, terms, conditions or privileges of employment, because of such individual's age;

   b.   to limit, segregate, or classify their employees in any way which would deprive or tent to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

   c.   to reduce the wage rate of any employee in order to comply with this chapter.

12

    d.  It Shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age.

98.    Defendants engaged in unlawful employment practices prohibited by Section 626 of the ADEA by discriminating against Plaintiff because of his age.

99.    Defendants' age-based comments and conduct were severe and pervasive and occurred on a daily and/or weekly basis so that Plaintiff could not escape the discrimination and harassment in the workplace.

100.    Accordingly, Plaintiff was subjected to a hostile work environment due to Plaintiff's age.

101.    Defendants' conduct was severe in that Defendants engaged in acts of discrimination and harassment whereby a single act of Defendants' harassment was sufficient to create a hostile work environment.

102.    Defendants' conduct was pervasive in that Defendants continually subjected Plaintiff to abuse, ridicule, insults, criticism, contempt, and scorn, day after day so that Plaintiff was forced to endure age-based discrimination and harassment in the workplace on a daily and/or weekly basis.

103.    Defendants subjected Paul Hall to disparate treatment because of his age and unilaterally eliminating Plaintiff's privileges.

104.    Plaintiff was denied overtime.

105.    Plaintiff was suspended from his employment.

106.    Plaintiff was subjected to false discipline.

**COUNT II**
**RETALIATION UNDER THE AGE**
**DISCRIMINATION IN EMPLOYMENT ACT**

107.   Plaintiff  hereby incorporates all allegations contained in the above paragraphs as fully

as if they were set forth at length.

108.   Section 623 (d) of the ADEA states the following:

"It shall be unlawful for an employer to discriminate against any
of his employees or applicants for employment, for an employment
agency to discriminate against any individual, or for a labor
organization to discriminate against any member thereof or applicant
for membership, because such individual, member or applicant for
membership has opposed any practice made unlawful by this section,
or because such individual, member or application for membership has
made a charge, testified, assisted, or participated in any manner in an
investigation, proceeding, or litigation under this chapter."

109.   Defendants violated Section 623 (d) of the ADEA because Defendants discriminated

against Plaintiff due to Plaintiff's complaints of Defendants' unlawful employment

practices as previously set forth herein.

110.   Plaintiff opposed and/or reported the continual discrimination and harassment in the

workplace and Defendants' conduct continued and ratcheted up.

111.   Plaintiff reported the age discrimination to his supervisor and thereafter was subjected

to disparate treatment, hostile work environment and retaliation.

112.   Plaintiff was denied the ability to work overtime.

113.   Plaintiff was suspended from his employment.

114.   Plaintiff was subjected to false discipline.

115.   Moreover, Plaintiff was subjected to disciplinary measures such as counseling and

termination after Plaintiff opposed and/or reported the discrimination and harassment in

the workplace.

14

## COUNT III
## FOR DISCRIMINATION UNDER TITLE VII

116.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs
of this Complaint.

117.    Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer
practices It shall be an unlawful employment practice for an employer – (1) to fail or
refuse to hire or to discharge any individual, or otherwise to discriminate against any
individual with respect to his compensation, terms, conditions, or privileges of
employment, because of such individual's race, color, religion, sex, or national origin."

118.    Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e
*et seq.*, by discriminating against Plaintiff because of his race, color and national origin.

119.    Plaintiff was subjected to adverse employment action and hostile work environment due
to his religion.

120.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil
Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based
upon the unlawful employment practices of the above-named Defendants. Plaintiff
complains of Defendants' violation of Title VII's prohibition against discrimination in
employment based, in whole or in part, upon an employee's race and religion.

121.    SEC. 2000e-2. [Section 703] states as follows:

(a) Employer practices

It shall be an unlawful employment practice for an employer -
(1) to fail or refuse to hire or to discharge any individual, or otherwise to
discriminate against any individual with respect to his compensation, terms,
conditions, or privileges of employment, because of such individual's race, color,
religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

122.   Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of his religion.

**COUNT IV**
**RETALIATION UNDER TITLE VII**
**(against corporate Defendants only)**

123.   Plaintiff hereby incorporates all allegations contained in the proceeding paragraphs as fully as if they were set forth at length.

124.   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer: "(1) to…discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under this subchapter."

125.   Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions, and/or privileges of his employment because of his opposition to and reporting of the unlawful employment practices of Defendants.

126.   Defendants acted against Plaintiff due to Plaintiff's opposition to Defendants' discrimination and harassment of Plaintiff.  Defendants also acted against Plaintiff due to Plaintiff's protected activity in reporting and opposing discrimination.

**COUNT V**
**42 U.S.C. §1983**
**VIOLATIONS OF EQUAL PROTECTION CLAUSE**
**RIGHT TO BE SECURE FROM UNREASONABLE SEIZER**
(against all named Defendants)

127.   Plaintiff hereby incorporates all allegations contained in the preceding paragraphs as fully as if they were set forth at length.

128.   42 U.S.C. Section 1983 stated:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

129.   Defendants and their employees and agents violated Plaintiffs' rights under the Fifth and Fourteenth Amendments including the right to due process.

130.   Defendants violated Plaintiff's Constitutional rights under color of state law as well as Plaintiff's federal statutory rights including the right to work in a discrimination free workplace.

131.   Defendants subjected Plaintiff to retaliation due to Plaintiff engaging in protected activity.

132.   Defendants acted under color of state law to violate the plaintiff's rights to equal protection and due process of law.

133.   Defendants' unlawful actions were done with the specific intent to deprive Plaintiff of his constitutional right to enjoy equal protection under the laws.

134.    Defendants also violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 through discrimination and retaliation for reporting said discrimination.

**JURY DEMAND**

Plaintiff requests a jury trial on all issued to be tried.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, economic damages, compensatory damages, punitive damages, liquidated damages, statutory damages, attorney's fees, costs, and disbursement of action; and for such other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**


By:    /s/ Seth D. Carson
          Seth D. Carson, Esquire
          1835 Market Street, Suite 2950
          Philadelphia, Pennsylvania 19103
          Phone: 215.391.4790
          Email: seth@dereksmithlaw.com


DATED: April 11, 2023